NINA J. GINSBERG
DiMuroGinsberg P.C.
908 King Street, Ste. 200
Alexandria, VA 22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181

GAIL SHIFMAN
Law Offices of Gail Shifman
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
Telephone: (415) 551-1500
Facsimile: (415) 551-1502

Attorneys for Defendant
MICHAEL BARRY SHOR

*E-FILED - 2/9/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR-10-0434 RMW |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **STIPULATION AND []** |
| vs. | ) | **ORDER CONTINUING HEARING AND** |
| | ) | **EXCLUDING TIME** |
| MICHAEL BARRY SHOR, | ) | |
| | ) | |
| Defendant. | ) | |

  Plaintiff, by and through its attorney of record, and defendant, by and through his attorneys of record, hereby stipulate and ask the Court to find as follows:

  1. That the parties are currently scheduled for a status conference on February 14, 2011 at 9:00 a.m.

  2. That the parties are in discussions and working diligently to resolve this matter but require additional time for continuing discussions.

1

1    3. That at the present time neither party believes that the Court's intervention is
2 necessary to facilitate a more efficient and responsive activity on behalf of either party.
3    4. That the parties are therefore requesting that the status conference be continued
4 from February 14, 2011 at 9.00 a.m. to March 28, 2011 at 9.00 a.m., a date that facilitates the
5 trial schedules of defense counsel and request the Court to order such a continuance.
6    5.. The parties believe that failure to grant the above-requested continuance would
7 deny defendant continuity of counsel, would deny defendant's counsel and defendant the
8 reasonable time necessary for effective preparation taking into account the exercise of due
9 diligence, and that the ends of justice served by continuing the case as requested outweigh the
10 interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.
11    6. Thus, the parties respectfully request that the Court find that the time period from
12 February 14, 2010, to March 28, 2010, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
13 (B)(iv) because it results from a continuance granted by the Court on the basis of the Court's
14 finding that the ends of justice served by taking such action outweigh the best interest of the
15 public and the defendant in a speedy trial and because failure to grant the continuance would
16 unreasonably deny defendant continuity of counsel and would unreasonably deny defense
17 counsel the time necessary for effective preparation for trial, taking into account due diligence.
18    SO STIPULATED.
19 Dated: February 2, 2011                                      /s/
                                                           GARY FRY
20                                                         Assistant United States Attorney
21
22 Dated: February 2, 2011                                      /s/
                                                           NINA J. GINSBERG
23
24 Dated: February 2, 2011                                      /s/
                                                           GAIL SHIFMAN
25                                                         Counsel for Defendant SHOR
26

**[] ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled February 14, 2011, hearing is vacated. A status conference is now scheduled for 9:00 a.m. on March 28, 2011.

2. The time period from February 14, 2011 to March 28, 2011, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

Dated: February _9_, 2011

_____
HONORABLE RONALD M. WHYTE
United States District Judge

3