NINA J. GINSBERG
DiMuroGinsberg P.C.
908 King Street, Ste. 200
Alexandria, VA 22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181

GAIL SHIFMAN
Law Offices of Gail Shifman
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
Telephone: (415) 551-1500
Facsimile: (415) 551-1502

Attorneys for Defendant
MICHAEL BARRY SHOR

*E-FILED - 3/23/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-10-0434 RMW |
| Plaintiff, | |
| vs. | **STIPULATION AND [] ORDER CONTINUING HEARING AND EXCLUDING TIME** |
| MICHAEL BARRY SHOR, | |
| Defendant. | |

Plaintiff, by and through its attorney of record, and defendant, by and through his attorneys of record, hereby stipulate and ask the Court to find as follows:

1. That the parties are currently scheduled for a status conference on March 28, 2011 at 9:00 a.m.

2. That additional time is required for the defense to review discovery which has recently been provided.

3. That the parties remain in discussions and working diligently to resolve this matter but

1

1  require additional time for continuing discussions following the discovery review.

2      3.  That at the present time neither party believes that the Court's intervention is
3  necessary to facilitate a more efficient and responsive activity on behalf of either party.

4      4.  That the parties are therefore requesting that the status conference be continued
5  from March 28, 2011 at 9.00 a.m. to May 2, 2011 at 9:00 a.m., a date that facilitates the trial
6  schedules of defense counsel and request the Court to order such a continuance.

7      5.. The parties believe that failure to grant the above-requested continuance would
8  deny defendant continuity of counsel, would deny defendant's counsel and defendant the
9  reasonable time necessary for effective preparation taking into account the exercise of due
10 diligence, and that the ends of justice served by continuing the case as requested outweigh the
11 interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

12     6. Thus, the parties respectfully request that the Court find that the time period from
13 March 28, 2010 to May 2, 2011 is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv)
14 because it results from a continuance granted by the Court on the basis of the Court's finding
15 that the ends of justice served by taking such action outweigh the best interest of the public and
16 the defendant in a speedy trial and because failure to grant the continuance would unreasonably
17 deny defendant continuity of counsel and would unreasonably deny defense counsel the time
18 necessary for effective preparation for trial, taking into account due diligence.

19     SO STIPULATED.

20 Dated: March 15, 2011                                              /s/
                                                             GARY FRY
21                                                       Assistant United States Attorney

22

23 Dated: March 15, 2011                                              /s/
                                                             NINA J. GINSBERG
24

25 Dated: March 15, 2011                                              /s/
                                                             GAIL SHIFMAN
26                                                      Counsel for Defendant SHOR

**[] ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled March 28, 2011, hearing is vacated. A status conference is now scheduled for 9:00 a.m. on May 2, 2011.

2. The time period from March 28, 2011 to May 2, 2011 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

Dated: March 23, 2011

Ronald M. Whyte

HONORABLE RONALD M. WHYTE
United States District Judge