E-filed on: 5/24/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | No. 10-CR-00434 RMW |
|---|---|
| Plaintiff, | ORDER REQUESTING SUPPLEMENTAL BRIEFING REGARDING CORRECTION OF JUDGMENT |
| v. | |
| MICHAEL SHOR, | [Re. Dkt. No. 112] |
| Defendant. | |

On March 26, 2012, the court orally entered judgment against defendant Michael Shor ("defendant"). The court's colloquy included a stipulation that defendant waived any interest in $3,923,030.00 in funds seized by plaintiff United States of America ("plaintiff"). *See* Transcript of Oral Argument at 26. On March 30, 2012, plaintiff filed a motion under Fed. R. Crim. Proc. 36 to correct the "judgment entered orally," claiming that it only sought to "forfeit" funds in the amount of $1,961,515.00 and that the larger amount reflected in the court's oral pronouncement was based on a mistake in plaintiff's sentencing memorandum. *See* Dkt. No. 108.

According to a recently filed Joint Case Management Statement, plaintiff seeks to forfeit the final payment for the illegal arms shipment seized in September 2010, but not the down payment made in April 2010. *See* Dkt. No. 118. However, it appears that plaintiff does intend to keep the earlier-seized funds; indeed, it argues that no third party has a legally cognizable interest in such

**United States District Court**
**For the Northern District of California**

1  funds because they were delivered under an illegal contract.  *See.* Dkt. No. 118 at 3 (citing *Kardoh v.*
2  *United States*, 572 F.3d 697, 700 (9th Cir. 2009)).

3       The court is troubled by plaintiff's motion for three reasons.  First, it is unclear whether
4  plaintiff seeks to assert ownership over the $1,961,515.00 seized in April 2010 without complying
5  with the forfeiture procedures proscribed by Fed. R. Crim. Proc. 32.2(b), and if so, what grounds
6  there are for doing so.  Second, although defendant has waived his interest in the subject property
7  and the Republic of Cote d'Ivoire ("claimant") has not opposed plaintiff's motion to correct the
8  judgment, it is unclear how such a correction would impact the pending ancillary proceeding in the
9  related case of *United States of America v. Nguessan Yao*, 10-cr-00434 RMW-2, in which claimant
10 apparently intends to assert ownership over the entire $3,923,030.00.  Third, because Rule 36 is
11 generally used to correct a written judgment of sentence to conform to the oral sentence pronounced
12 by the judge, it is not clear that the rule is applicable to the circumstances here.  *See United States v.*
13 *Bennett*, 423 F.3d 271, 277-78 (3d Cir. 2005).

14       Accordingly, the court requests that plaintiff file a supplemental brief addressing those three
15 issues within ten days of the date of this order.  If claimant wishes to respond, it may do so within
16 ten days of the filing of that brief.  After reviewing any such briefing, the court will issue an order
17 on plaintiff's motion to correct the oral judgment.

19 DATED:         May 24, 2012                  /s/ Ronald M. Whyte
                                                RONALD M. WHYTE
20                                              United States District Judge