UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>N'GUESSAN YAO AND MICHAEL BARRY SHOR,<br><br>Defendants. | Case No. CR-10-00434-RMW<br><br>**ANCILLARY PROCEEDING**<br><br>**ORDER PERMITTING PETITIONER TO FILE AN AFFIDAVIT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)** |
| REPUBLIC OF THE COTE D'IVOIRE,<br><br>Petitioner. | |

This ancillary proceeding relates to $3,923,030 ("the funds") which this court forfeited from defendants N'Guessan Yao ("Yao") and Michael Barry Shor ("Shor") in sentencing them for conspiracy to export arms illegally. Petitioner, the Republic of the Cote d'Ivoire, asserts ownership of the funds and petitions the court pursuant to 21 U.S.C. § 853(n)(6) for a determination of lack of forfeitability of its ownership interest. The United States moves for summary judgment that the Cote d'Ivoire possesses no ownership interest in the funds under § 853(n)(6) and seeks a final order of forfeiture of the funds to the United States. Petitioner cross-moves for summary judgment that it is the sole owner of the funds and seeks an order granting ownership of the funds to the Cote

d'Ivoire. Before the court feels comfortable issuing its order on the cross-motions, the court must address a discovery issue brought to the court's attention at the hearing.

At the hearing, Cote d'Ivoire argued that, if the government's motion is treated as a motion for summary judgment, it is entitled to full discovery to oppose the motion.[1] The government contends that its motion is and has always been mutually understood by the parties to be a motion for summary judgment. According to the government, the parties agreed that no discovery was required prior to filing the present motions.

First, the court agrees with the government that this is a motion for summary judgment and not a Rule 12(b)(6) motion. The joint case management statement and case management order in the case, which were entered prior to the government's filing of its motion, both state that the government will file a motion for "partial summary judgment." *See* Dkt Nos. 137, 141.

The joint case management statement from December 12, 2012 states that the United States will:

> file its own motion for partial summary judgment requesting a ruling that 21 U.S.C. § 853(n)(6) limits the issues in this ancillary proceeding. The only issue in an ancillary proceeding is whether petitioner Cote d'Ivoire can establish ownership of the forfeited funds by providing that a preponderance of the evidence establishes that petitioner either (1) has a superior interest in the forfeited funds . . . or (2) that it is a *bona fide* purchaser for value of the forfeited asset . . . .

Dkt. No. 137 at 12. The court finds it reasonable to interpret the government's statement to mean that, once the court rules on the government's motion for partial summary judgment to limit the issues in this ancillary proceeding to ownership, petitioner will be entitled to full discovery with respect to the ownership issue.

Rather than filing a partial summary judgment limiting the issues, the government instead filed a full motion for summary judgment on the ownership issue. The Cote d'Ivoire stated in the joint case management statement that it anticipated "the depositions of several individuals including [Shor], [Yao] and several ICE agents and undercover agents" and "possible discovery motions for a court ruling on the disclosure of documents filed under seal should the government refuse to

---

[1] In its reply brief in support of its cross motion, Cote d'Ivoire argued that because no discovery had been conducted, the court should elect to treat this as a motion to dismiss under Federal Rule of Civil Procedure 12(b). Pet'r's Reply 4, Dkt. No. 151.

ORDER
Case No. C-10-00434-RMW
AG
- 2 -

disclose those documents to petitioner." Dkt. No. 137 at 13-14. The Cote d'Ivoire also indicated that it might seek "all wiretaps, notes and [the] entire discovery file from the criminal case ." *Id.* at 13. In view of the evidence that the Ivorian government participated in the illegal transaction and that the Ivorian Minister of Defense had knowledge of the illegal transaction, the court is highly skeptical that the discovery the Cote d'Ivoire seeks could help it defeat the government's motion for summary judgment. However, in an abundance of caution the court will permit the Cote d'Ivoire to file an affidavit under Federal Rule of Civil Procedure 56(d) explaining why it cannot show facts essential to support its opposition to the government's motion, and setting forth what facts it could obtain that could establish that the transaction was unauthorized by the Ivorian government. The court orders the Cote d'Ivoire to file the Rule 56(d) affidavit on or before September 5, 2013. If the Cote d'Ivoire fails to file the affidavit, the court will issue an order on the cross-motions based on the evidence presently before it.

**IT IS SO ORDERED.**

Dated: August 15, 2013

_____
RONALD M. WHYTE
United States District Judge